IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-0252-CV-W-NKL |
| BOARDWALK APARTMENTS, L.C., | ) ) | |
| Defendant. | ) ) | |

ORDER

On October 7, 2005, fire destroyed a Lawrence, Kansas, student apartment

building owned by Defendant Boardwalk Apartments, L.C., ("Boardwalk"). Three

people were killed and several more injured in the fire, which generated extensive media

coverage. In the wake of the fire, Boardwalk's insurance carrier, Plaintiff State Auto

Property and Casualty Insurance Co. ("State Auto"), filed the present suit against

Boardwalk for declaratory relief related to its policy on the building. While the case has

been pending before this Court, Boardwalk's counsel made several statements about the

dispute to a reporter from the *Daily Kansan*, a student newspaper at the University of

Kansas. Some of those comments appeared in an October 3, 2006, news article in that

paper about the fire and its aftermath. *See* Jack Weinstein, "Insurance dispute marks

Boardwalk fire anniversary," THE DAILY KANSAS, October 3, 2006; Plf. Ex. 8. In that

1

article, Boardwalk's counsel is quoted as saying that the State Auto could be accused of "'bad faith' because it failed to act in a timely manner." *Id.* Counsel also told the reporter that the building cannot be rebuilt until the matter is settled in court, and that State Auto's response to the loss came five months after the fire. *Id.* The article also notes that State Auto's attorney did not return calls requesting comment. *Id.* In view of the comments made by Boardwalk's counsel published in the *Daily Kansan*, State Auto moves the Court for a Change of Venue or Alternatively to Admonish Defendant Against Further Media Comment [Doc. # 29].

## I. Change of Venue

Federal law permits transfer of venue from a forum is which venue is already proper "[f]or the convenience of parties and witnesses, [or] in the interest of justice." 28 U.S.C. § 1404(a). Transfer under § 1404(a) requires a case-by-case evaluation of the circumstances involved and all relevant factors. *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In the criminal context, the Eighth Circuit has noted that a discretionary change of venue "should not be granted merely upon a showing of widespread or adverse pretrial publicity." *United States v. Brown*, 540 F.2d 364, 377 (8th Cir. 1976). Although the Court is unaware of any similar opinions in civil cases, the same analysis applies in the civil context as well.

In the present case, the purportedly adverse publicity stems from a campus newspaper article published at a university outside of the Western District of Missouri. The court is confident that it is unlikely that anyone in the jury pool for the Western

Division of Missouri has seen the article and been prejudiced by it\, but to the extent that an article in a student newspaper in Kansas has actually biased the jury pool in the Western Division of the Western District of Missouri, and been prejudiced by it. To the extent an article in a student newspaper in Kansas has actually biased the jury pool in the Western District of Missouri, State Auto should be more than able to screen for any such bias during voir dire. As the Eighth Circuit explained in *Brown*,

> The ability and willingness of jurors to remain impartial and to form a judgment without reference to what has been said or written about a case outside the courtroom are necessary subjects to be addressed on voir dire . . . . It is entirely within the court's discretion to defer ruling on a motion for change of venue based upon prejudice of the community until it can test that charge by examining the panel drawn to hear the case. Mere exposure to publicity . . . is not enough to require a change of venue. The ultimate test is whether a juror has been exposed to pretrial publicity and, if so, whether he or she can set aside any impression or opinion resulting from that exposure and render a verdict based solely on the evidence presented at trial.

*Brown*, 540 F.2d at 378 (internal citations omitted). Based on the facts before it, the Court concludes that there is no basis for a change of venue at this time.

## II.     Admonition Against Further Media Statement

In the alternative, State Auto asks the Court to admonish Defendants against any further statements to the media that might prejudice the jury pool. A gag order is an extraordinary remedy which the Court will not grant without sufficient cause. State Auto has failed to provide any authority for its request; nor has it shown that further media statements pose an ongoing problem likely to prejudice jurors in the Western District of Missouri. The request is denied.

3

**III.    Conclusion**

Accordingly, State Auto's Motion for Change of Venue or Alternatively to

Admonish Defendant Against Further Media Comment [Doc. # 29] is DENIED.

IT IS SO ORDERED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: December 1, 2006
Jefferson City, Missouri

4