IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BOARDWALK APARTMENTS, L.C., | ) ) | Case No. 06-00252-CV-W-NKL |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| T.S.A., INC., d/b/a THE SLOAN AGENCY, | ) ) | |
| Third-Party Defendant. | ) | |

## ORDER

On February 15, 2008, the Court granted summary judgment to Plaintiff State Auto Property and Casualty Insurance Co. ("State Auto") in its declaratory judgment action. *See State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L.C.*, No. 06-00252, 2008 WL 474333 (W.D. Mo. Feb. 15, 2008). On March 14, 2008, the Court vacated its February 15 Order to the extent it granted summary judgment on Defendant Boardwalk Apartments' ("Boardwalk") Counterclaim Counts III and VI because State Auto had not specifically asked for summary judgment on those counts. *See* Doc. # 170. The Court then instructed the parties to file new dispositive motions on the remaining issues. State Auto and Boardwalk have filed cross-motions for summary judgment on Counterclaim Counts III and VI**.**

**I.      Count III**

1

Count III of Boardwalk's counterclaim is for breach of contract, asserting it "has performed its obligations under the Policy, but State Auto has failed to respond or otherwise satisfy Boardwalk's claim . . . ." Def. Ans. ¶ 50. It is clear that under Count III, Boardwalk sought the replacement cost Policy limit of $45,000 for its lost contents. Def. Ans. ¶¶ 48, 50. In its summary judgment motion, Boardwalk admits that its contents claim is also subject to replacement costs, and that State Auto is not required to pay until Boardwalk has replaced the contents. For the same reasons stated in the February 15 Order, the Court holds that Boardwalk is entitled to replacement costs for contents under the Policy. *See State Auto*, 2008 WL 474333, at *5-*6. However, Boardwalk has not replaced the contents yet, and State Auto is not required to pay Boardwalk until it does so. *See id*. at *5.

In its summary judgment motion, Boardwalk insists, despite only asking for replacement costs in its counterclaim, that it is entitled to the actual cash value, at the very least, until it decides whether to replace the contents. Richard Moseley, property manager of Boardwalk, in an attached declaration, calculates the actual cash value is $1,123. State Auto disputes Boardwalk's calculation for a number of reasons: (1) prior to the Moseley affidavit submitted with its summary judgment motion, Boardwalk never provided State Auto with any information concerning the actual cash value of the contents; (2) that it previously informed Moseley that items such as refrigerators, stoves, and garbage disposals would not be considered business personal property items; and (3) that Boardwalk has not provided State Auto with any information from which it could calculate the actual cash value of the items. The Moseley declaration does not contain any indication as to how he reached these values, and the list he attaches (which was originally submitted to State Auto) contains only replacement costs, not actual cash value.

The Court agrees that Boardwalk is, in theory, entitled to the actual cash value of the contents. However, State Auto's initial declaratory judgment action involved the replacement costs of the damaged buildings; it was Boardwalk that injected the contents issue into the suit with its counterclaim. But, as Boardwalk admits, it did not submit a list of the actual cash value of its contents claim to State Auto until it filed its second summary judgment motion. Boardwalk never made a formal actual cash value claim for the contents under the Policy's terms. As a result, Boardwalk has failed to meet a condition precedent for coverage under the Policy, and cannot collect the actual cash value of its business property until it does so. *See Speer v. Sammons Trucking*, 128 P.3d 984, 993 (Kan. Ct. App. 2006) (defining condition precedent as "[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises" (quoting Black's Law Dictionary 312 (8th ed. 2004))). Under such circumstances, State Auto cannot be said to have breached the contract.

Further, in regards to Boardwalk's evidence attempting to establish cash value, Moseley's declaration fails to provide any supporting evidence or documentation; in a sense, it does nothing more than opine about the actual value of the contents. The declaration is uncorroborated and self-serving. Rule 56 requires such statements to be based on personal knowledge and set forth facts that would be admissible at trial. Moseley does not indicate, and the Court cannot discern, how he knows these facts to be true. *See S.E.C. v. Phan*, 500 F.3d 895, 909-10 (9th Cir. 2007). There is some debate as to whether the items included in the declaration are covered under the Policy. The Court also notes that it is difficult, if not impossible, for State Auto to present rebuttal evidence: other than a list of items with replacement costs values, State Auto did not have an actual list of the contents prior to this summary judgment motion. This declaration is insufficient to qualify as a formal actual cash value claim.

## II.   Count VI

Count VI of Boardwalk's counterclaim is for attorney's fees under Kan. Stat. Ann. § 40-908, which states:

> That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs: Provided, however, that when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.

The plain language of the statute indicates that, where an insurance company has tendered an amount before the action commenced, an insured may only recover attorney's fees if it recovers an award in excess of what the insurance company has already paid.

Boardwalk, as a matter of law, cannot recover attorney's fees for Count III because State Auto has not breached the contract. Even if Boardwalk could prevail on Count III, however, as noted in the Court's February 15 Order, State Auto has already paid Boardwalk $2,240,124.17. *See State Auto*, 2008 WL 474333, at *6 n.2. On March 3, 2008, in a teleconference with the Court, the parties stipulated that the actual cash value of Building 1 was $1,751,060. Subtracting that figure from what State Auto has already paid to Boardwalk results in an overpayment of $377,034.17. Boardwalk admits that, at most, it is entitled to $1,123 for the actual cash value of the contents. Moreover, the Policy limits recovery of business personal property to $45,000, which Boardwalk admits in its counterclaim. Therefore, as a matter of law, Boardwalk cannot recover in excess of

$377,034.17, the amount of State Auto's overpayment.[1]  Summary judgment is granted in favor of State Auto on Count VI.

### III.     Boardwalk's Request that the Court Retain Jurisdiction

Finally, Boardwalk argues that this Court should retain jurisdiction to protect and enforce its judgment.  Boardwalk erroneously believes it should be able to recover attorney's fees if it is ultimately shown that the replacement costs were more than the amount originally tendered by State Auto.  However, that claim is not yet ripe.  *See Senty-Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006) ("[T]he ripeness doctrine avoids 'wasting scarce judicial resources in attempts to resolve speculative or indeterminate factual issues.'").  Boardwalk confuses the Court's declaration that it has a right to replace, which was the necessary converse of State Auto's declaratory judgment claim, with actually prevailing under its breach of contract claims and receiving a right to recover damages.  In fact, the Court held that Boardwalk did not succeed on its breach of contract claims specifically because it had not replaced the property.  *See State Auto*, 2008 WL 474333, at *8.  Boardwalk, as it admits, has not yet replaced the damaged and destroyed property; therefore, State Auto has not yet refused to pay all of the replacement costs.  There is simply no case or controversy for the Court to adjudicate, and Article III does not extend so far as to allow the Court to "retain" jurisdiction until such a case or controversy arises.  Whether State Auto will pay replacement costs for property that Boardwalk has yet to replace is too speculative and indeterminate at this time.

---

[1] Boardwalk argues that State Auto's overpayment covers other categories of claims under the Policy, and that none of it was paid for Boardwalk's contents claim.  Putting aside the fact Boardwalk never submitted an actual cash value claim, the Court believes this is splitting hairs.  It is unreasonable to hold that State Auto overpaid by several hundred thousand dollars, yet still owes Boardwalk statutory attorney's fees.  Such an interpretation strains the plain meaning of § 40-908.

5

In addition, Boardwalk requests that the Court not penalize it from bringing its compulsory counterclaims, and that it should receive its attorney's fees. First, because Boardwalk neither submitted an actual cash value claim nor actually replaced the contents, it cannot be said that there was a breach of contract claim that Boardwalk was required to bring in this declaratory judgment action. More importantly, however, contrary to Boardwalk's arguments, § 40-908 expressly recognizes that there may be situations where insureds bring suit against an insurance company and prevail, but are still not entitled to attorney's fees because the insurance company has already tendered an amount equal to, or in excess of, the judgment recovered. This is one of those situations.

If Boardwalk chooses to replace its destroyed property, and if State Auto refuses to pay all of the replacement costs (subject to Policy terms and limits), Boardwalk may bring another breach of contract action and seek attorneys fees. However, that would be a separate action. Boardwalk is not entitled to its attorney's fees for the current action, either now or in the future, because, under the determinable facts at this time, it cannot recover in excess of the amount already tendered by State Auto. This action, initiated by State Auto, was based on whether Boardwalk had a right to replace, not whether State Auto improperly refused to pay replacement costs already incurred. The Court, therefore, declines to retain jurisdiction.

**IV.  Conclusion**

Accordingly, it is hereby

ORDERED that Plaintiff State Auto's Supplemental Motion for Summary Judgment [Doc. # 174] is GRANTED, in part, and DENIED, in part. It is further

ORDERED that Defendant Boardwalk's Motion for Summary Judgment on Counts III and VI of its Counterclaim [Doc. # 172] is GRANTED, in part, and DENIED, in part.

s/ Nanette K. Laughrey
								NANETTE K. LAUGHREY
								United States District Judge

Dated: April 3, 2008
Jefferson City, Missouri